[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his sentence as calculated by the Board of Parole under C.G.S. § 54-125a(b) as amended as of July 1, 1996 was not contemplated within the plea agreement entered into by the petitioner, in that as of July 1, 1996 those classified as violent offenders may not be released or paroled until they have served eighty-five percent (85%) of their sentence. Prior to the amendment the Board of Parole was authorized to consider those same sentenced prisoners eligible for parole after they had served fifty percent (50%) of their definite sentence. The complaint has been brought in three counts, the first of which is that his criminal trial counsel, Thomas Ullman, was ineffective in failing to inform him of this factor of his plea bargain; the second count alleges that the state knew or should have known of this application of his eligibility for parole and the failure to disclose resulted in unfairness and injustice; and the third count, that the Board of Parole, which has notified him of the application of the statute, is violating the ex post facto clause of the U.S. Constitution. CT Page 3316
The petitioner was arrested for a shooting incident which was alleged to have occurred on December 3, 1994. He was represented by Attorney Howard Gemeiner who obtained a plea agreement for a total effective sentence of fifteen (15) years execution suspended after ten (10) years with five years probation with the right to argue for less. After the plea agreement was refused the petitioner was convicted after trial of five counts of the information and a total effective sentence was imposed on June 7, 1996 of twenty-five (25) years, execution suspended after twenty (20) years and five (5) years probation.
The petitioner called himself and Ullman. The petitioner testified that after his conviction he signed papers to appeal and was then represented by Ullman in place of Gemeiner. He told Ullman that he would not agree to any sentence of ten (10) years or more. He felt he had a substantial issue on appeal. He did go to plea and received a ten year sentence but that he thought that Judge Devlin was to take off two (2) years as had been originally bargained for before trial. He didn't learn of the parole requirement until he was given notice by the Board of Parole. Had he known of that at the time of his plea he would have pursued his appeal.
Ullman testified that he was called by Gemeiner because he knew of a modification of sentence which could avoid appeal. He discussed it with Gemeiner and the state and on July 26, 1996 went to Walker where the petitioner was housed to communicate it to him. The petitioner did not want a sentence of ten (10) or more years. After further negotiations with the state and discussions with the petitioner a plea agreement was worked out to dispose of the trial file with two G.A. files and nolle another J.D. file for a total effective sentence of fifteen (15) years, execution suspended after ten (10) years with five (5) years probation. Because the state did not want to withdraw the sentences given after trial it was agreed that a petition for a new trial would be prepared by Ullman and agreed to by the state on condition that the petitioner would plead to the plea agreement and waive his rights to appeal, which petition would be granted by the court so that the petitioner could plead to the plea agreement. He never told the petitioner that the sentence would be eight (8) years nor did he hear of the petitioner's complaint about the parole application of eighty-five percent (85%) of sentence served before eligibility until a period well after the sentencing. CT Page 3317
The respondent submitted the transcript of the sentencing,Respondent's Exhibit A, which indicates that the events leading to the petitioner's arrest arose as a result of one Robert Strickland's relationship with the woman with whom the petitioner had a long time cohabitation which had broken up. It was alleged that on December 3, 1994 at or about 8:30 p. m. when Strickland arrived in front of the woman's residence he was confronted by the petitioner who, after an argument ensued, swung a knife at Strickland causing a cut in his coat but not causing any physical injury for which he has been charged with criminal attempt to commit assault in the second degree. The petitioner fled the scene but returned to the apartment about 11:30 p. m. and again confronted Strickland who was waiting for a tow truck because someone had caused damage to his car. This confrontation resulted in the petitioner shooting at Strickland with a handgun, two of which shots entered his body for which the petitioner was charged with assault in the first degree.
As to the first count, a successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v. Commissioner, 234 Conn. 139 (1995);Strickland v. Washington, 466 U.S. 668, 694. The petitioner has failed his burden of proving this. In his testimony he claimed to have a substantial issue in his appeal but never verbalized it. He claimed to Judge Devlin, Respondent's Exhibit A, that in his trial he claimed self defense in shooting Strickland. If this was his substantial issue on his appeal, it failed to persuade the jury and would have been a fact to be decided by the jury.
As to counts one and two, even comparing the time to be served he has failed to show that he would have less time to serve on a twenty (20) year sentence than a ten (10) year sentence taking into consideration some favorable action by the Board of Parole.
As to count three, although this amendment of C.G.S. §54-125a adds a limitation to the Board's authority effective as of July 1, 1996, it does not give an inmate any right to demand or even apply for parole nor does it require the Board to actually consider any inmate's eligibility for parole even if he has fulfilled the statute's requirements. Vincenzo v. Warden,26 Conn. App. 132, 141.
For the above reasons the petition is denied. CT Page 3318
Thomas H. Corrigan Judge Trial Referee